Filed 10/15/20  P. v. Love CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B304859 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA017343) |
| v. | |
| MICHAEL ELLIS LOVE, JR., | |
| Defendant and Appellant. | |

———————————

APPEAL from an order of the Superior Court of Los Angeles County, Richard H. Kirschner, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Following a jury trial, on April 11, 1995, Michael Ellis Love, Jr. was convicted of second degree murder of another man with enhancement for personal use of a deadly and dangerous weapon, a knife, and was also convicted of burglary. He was sentenced to a term of 15 years to life. This court affirmed the conviction in an unpublished opinion. (*People v. Love* (May 22, 1996, B093197).) As our summary of the facts in the opinion reveals, Love stabbed the victim eight times with a knife, causing the victim's death.

On March 21, 2019, Love filed a petition for resentencing under Penal Code section 1170.95.[1] In this petition Love stated under penalty of perjury that he had been convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and that he could not now be so convicted because of changes to sections 188 and 189.

The petition was assigned to Hon. Richard H. Kirschner, who directed that counsel be appointed for Love. The People opposed the petition on the ground, among others, that Love was not eligible for relief under section 1170.95 because he was a direct perpetrator of the murder. Love's counsel replied to the People's opposition, but offered no facts to dispute the People's assertion that Love was the actual killer.

The trial court heard the matter on December 17, 2019, and denied the petition on the grounds that Love "was a direct perpetrator of second degree murder" and, therefore, had not made a prima facie showing of eligibility. This appeal followed.

---

[1] All further statutory references are to the Penal Code.

We appointed counsel to represent Love in this appeal. After an examination of the record, counsel filed an opening brief requesting that the court make an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.

We subsequently advised Love, on June 29, 2020, that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. Love thereafter timely filed two letter briefs. In these briefs, Love asserts: (1) a key witness at his trial committed perjury and made a deal with the prosecution that was not disclosed to the defense; (2) a juror "rushed his decision"; (3) trial counsel was ineffective; (4) he was intoxicated when he committed the crime and acted in self-defense; and (5) his counsel in his 1995 direct appeal was ineffective. He also requests that we order that he be given access to the law library at the prison where he is incarcerated.

Because Love's appeal is from an order denying postconviction relief, the procedural protections established in *People v. Wende, supra*, 25 Cal.3d 436 do not apply. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1034 (*Cole*), petn. for review pending, petn. filed Sept. 4, 2020, S264278; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)[2] Love is, however, entitled to

---

[2] In *Cole*, Division Two of this court recently explained that in a criminal appeal from a postconviction order to which *Wende* does not apply, counsel who find no arguable issues are required to "file a brief with the Court of Appeal setting forth (1) a brief statement of the pertinent procedural history of the case, (2) a brief summary of the pertinent facts, (3) counsel's declaration that there are no reasonably arguable issues to present on appeal, and (4) counsel's affirmation that he or she remains ready

3

file a supplemental brief, which he has done, and to our evaluation of the arguments presented in his briefs. (*Cole, supra,* at p. 1040.)

The arguments Love raises in his supplemental briefs— none of which were raised below—constitute collateral attacks on the judgment not within the purview of section 1170.95 nor, therefore, cognizable on appeal from an order denying relief under that statute. (Cf. *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 [relief inmate sought under a petition to resentence under § 1170, subd. (d), was not available under that statute and, therefore, trial court had no jurisdiction to grant the relief and the order denying such relief was not reviewable on appeal].) His request for access to the prison law library is likewise beyond the scope of this appeal. In any event, because the record of his conviction establishes that he was the actual killer, there is no arguable issue as to merits of the court's order denying relief under section 1170.95.

We are satisfied that Love's counsel has fulfilled his responsibilities (see *Cole, supra,* 52 Cal.App.5th at p. 1038) and conclude that the appeal raises no arguable issues.

---

to brief any issues at the request of the Court of Appeal." (*Cole, supra,* 52 Cal.App.5th at p. 1038.)

## DISPOSITION

The order denying the petition under section 1170.95 is affirmed.

NOT TO BE PUBLISHED


                                        SINANIAN, J.*


We concur:



        CHANEY, J.



        BENDIX, Acting P. J.

---

*\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.*

5